UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZORAN CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MEDIATEK, INC., et al., <br><br> Defendants. <br><br> AND CONSOLIDATED ACTIONS | Case No.: C 04-02619 RMW (PVT) <br> C 04-4609 RMW (PVT <br><br> **ORDER RE HANDLING OF CONFIDENTIAL INFORMATION AT DEPOSITIONS PENDING ENTRY OF A PROTECTIVE ORDER; AND RE DISPUTE AS TO SUBJECT MATTER SCOPE OF DEPOSITIONS** |

On Friday, December 9, 2005, the parties advised the court they have a dispute over the duration of certain depositions set to take place in Taiwan the week of December 12, 2005.[1] The court initially set the matter to be heard on December 13, 2005, and instructed the parties to each file a brief statement of their position regarding that dispute no later than 2:00 p.m. on December 12, 2005. On the morning of December 12, 2005, Plaintiff contacted the court regarding another dispute which had arisen in connection with the depositions in Taiwan. The parties informed the court that dispute related to the protection of confidential information that may be disclosed during the deposition. Defense counsel noted that the attorney who was defending the deposition was already

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

on his way back from Taiwan, so the court set the hearing for that dispute for December 13, 2005, as well. The court did not request, nor authorize, any briefing in connection with this second dispute. The parties both filed briefs by 2:00 p.m. on December 12, 2005.[2] Having reviewed those briefs, the court now finds it appropriate to issue this order.

IT IS HEREBY ORDERED that, pending entry of a protective order to govern the handling of confidential information in this matter, all information disclosed during depositions shall be treated as "Confidential – Attorneys Eyes Only," and may be disclosed only to the parties' counsel of record in this matter and the parties' retained experts.[3]

IT IS FURTHER ORDERED that the dispute regarding the subject matter scope of the Rule 30(b)(6) depositions on technical topics is not properly before the court. (The court granted only a request to address a dispute regarding the *temporal duration* of the deposition at the hearing on December 13, 2005.) If Defendants wished to obtain relief from the subject matter scope of the depositions, it was incumbent upon them to timely move for a protective order. *See, e.g.,* FED.R.CIV.PRO. 37(d) (party's failure to appear and testify at its deposition "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)"). The deposition notices were served on October 28, 2005. Defendants offer no reasonable excuse for failing to file a motion for protective order sufficiently in advance of the December 12, 2005 deposition to allow briefing and hearing of that dispute.

Dated: *12/13/05*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Despite the lack of authorization for filing briefing on this issue, Defendants included briefing on this issue in their December 12, 2005 filing. The court then authorized Plaintiff to respond to the unauthorized portions of the brief.

[3] It appears from the transcript of the December 12, 2005 deposition that the parties agree experts may see "Confidential – Attorneys Eyes Only" materials. If any party objects to disclosure of information to experts, they must immediately seek modification of this order.

ORDER, *page 2*