UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZORAN CORPORATION, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MEDIATEK, INC., et al.,<br><br>　　　　　Defendants.<br><br>AND CONSOLIDATED ACTIONS | Case No.: C 04-02619 RMW (PVT)<br>　　　　　C 04-4609 RMW (PVT<br><br>**ORDER RE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS; WAIVER OF PRIVILEGE; AND RE *IN CAMERA* REVIEW** |

On October 18, 2005, Plaintiffs filed a motion to compel production of documents (the "Original Motion to Compel").[1] This court issued an order expanding the scope of the discovery consistent with the parties' agreement as reflected in their respective briefs, setting a deadline for production of non-privileged documents responsive to the requests at issue as well as a privilege log, and setting a shortened briefing schedule for any renewed motion. On December 6, 2005, Plaintiffs filed their renewed motion. Defendants opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without further briefing or oral argument. Based on the moving and opposition papers submitted, and the file herein,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

IT IS HEREBY ORDERED that Plaintiffs' motion to compel production of documents is GRANTED for all documents responsive to Document Request Nos. 26 and 30-33 as to Defendant MediaTek, Inc., Document Request Nos. 29-32 as to Defendants Artronix Technology, Inc., ASUS Computer International, EPO Science and Techology, Micro-Star International Co., Ltd., MSI Computer Corp., and TEAC Corporation; and Document Request Nos. 28-31 as to Defendants ASUSTek Computer, Inc., Lite-On Information Technology Corporation and TEAK America, Inc. Contrary to Defendants' argument, this motion is appropriate based on Defendants' admitted failure to timely produce all non-privileged responsive documents.[2]

Other than privilege claims (discussed below), the only objection Defendants raise to this discovery in their opposition is a contention that the motion "seems to contemplate that every document created by any of the Defendants' employees that in any way relates to the design around MediaTek chips is properly discoverable." Defendants fail to direct the court's attention to any particular document request that encompasses an unduly broad scope of documents.[3] The only request that approaches this breadth is Request No. 26 to MediaTek.[4] Defendants have not shown that this request, or any other request, is overly broad or unduly burdensome. The scope of discovery is broad, and any documents related to MediaTek's design around efforts are at least arguably relevant to Plaintiffs' claims of infringment. Nor have Defendants shown that protection from any undue burden is warranted under Federal Rules of Civil Procedure 26(c). *See Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, however, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

---

[2] Defendants repeatedly misstate the standard for motions to compel. It is not only a party's affirmative "refusal" to produce discovery that warrants a motion to compel. Rule 37(a)(2)(B) authorizes a party to move to compel if another party merely *fails* to timely produce discovery.

[3] Defendants seem to be under the impression that the scope of the production was somehow set forth in this court's prior order. (*See*, Defendants' Opposition to Plaintiffs' Renewed Motion to Compel Production of Documents, at 2:13 -3:1). However, nothing in this court's prior order changed the scope of the discovery requests at issue. It simply modified the prior limitations on discovery to bring the requests within the allowed scope of discovery in this case, and set a shortened time for producing the requested documents in light of the amount of time the parties had already spent meeting and conferring regarding those requests.

[4] Request No. 26 to MediaTek seeks "All documents referring to or relating to any design changes to any accused product designed, sold, or licensed by MediaTek, including any efforts to design around the Patents-in-Suit." (*See* Original Motion to Compel, at 5:1-2.)

ORDER, *page 2*

Defendants failed to make *any* showing regarding the quantity of responsive documents likely involved, nor the anticipated amount of employee time it will take to locate and produce responsive documents. With respect to responsive documents as to which any Defendant has asserted privilege or work product protection, only documents for which this court has found waiver (see below) are ordered produced at this time.

IT IS FURTHER ORDERED that Defendants shall complete the above-ordered production no later than December 30, 2005.

IT IS FURTHER ORDERED that Defendant MediaTek's claims of privilege and work product are deemed waived as to all of the "thorough input" it received from "several teams of U.S. patent counsels" who "concluded that the new design does not infringe upon Zoran's patent."[5] *See Electro Scientific Indus. v. General Scanning, Inc.*, 175 F.R.D. 539, 543 (N.D.Cal. 1997) (client's public disclosure, for commercial purposes, of legal conclusion attorney communicated to client waives privilege as to that communication.) Here, as in *Electro Scientific*, MediaTek chose to make public its various attorneys' conclusions that MediaTek's new product design did not infringe Zoran's patent. The public announcement was obviously made as part of MediaTek's attempt to assure its current and potential customers that its new design would not be negatively impacted by the pending patent litigation. As in *Electro Scientific*, the press release here effectively disclosed that, "from among the many theoretically available grounds for defending the lawsuit, the lawyer's advice was that the defense should focus on the theory that"[6] the new design does not infringe the patent-in-suit. *See, Electro Scientific*, 175 F.R.D. at 543. The fact that the specific details of the lawyer's advice is not disclosed does not preclude a finding of waiver. *Ibid.* As Judge Brazil noted:

> "[A] sophisticated party who intentionally discloses the most significant part of an otherwise privileged communication, in an act calculated to advance that party's commercial interests, cannot

---

[5] Because the disclosure was "extrajudicial," the waiver extends only to those communications to which MediaTek adverted, and/or on which it relied, in making the statement in the press release. The disclosure did not effect a full subject matter waiver. *See, Electro Scientific*, 175 F.R.D. at 543-44. However, the reference to "thorough input" is broad enough to encompass all such communications MediaTek received from its various counsel prior to the press release.

[6] In *Electro Scientific*, the press release stated that the client "has been advised by legal counsel that the referenced patents are invalid based upon prior patents and publications not cited to the Patent Office." No further specifics regarding the attorney-client communication was disclosed.

ORDER, *page 3*

> establish, as the law would require, that the party reasonably believed that it would be able to preserve the confidentiality of the other parts of that communication." *Ibid.*

IT IS FURTHER ORDERED that, no later than December 30, 2005, MediaTek shall lodge with chambers for *in camera* review, copies of all of the documents listed on its December 1, 2005 privilege log.[7]  The copies shall be submitted in an envelope clearly marked "TO BE LODGED WITH CHAMBERS–DO NOT FILE."  MediaTek failed to indicate on the privilege log which documents are dual purpose documents.  Further, there is insufficient information on the log from which the court can determine whether privilege and/or work product protections applies.  Along with the copies of the documents, MediaTek shall submit a "cast of characters" identifying each person listed on the privilege log, including their job title and a brief general description of their involvement with the design around process.  MediaTek shall also serve a copy of the "cast of characters" on Plaintiffs.  Defendant MediaTek may also file UNDER SEAL a brief explaining their position as to why each document is protected by privilege and/or work product.  This brief shall NOT be served on any other party to this litigation.  (A copy of this order shall be submitted along with the brief to authorize the clerk of the court to file the brief under seal.).

Dated: *12/15/05*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[7] If MediaTek does not file with the District Court any objection to this court's finding of waiver, to the extent any of the documents on the privilege log are subject to this court's finding of waiver–and are produced to Plaintiffs–they need not be submitted for *in camera* review.

ORDER, *page 4*