UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZORAN CORPORATION, et al.,<br><br>              Plaintiffs,<br><br>      v.<br><br>MEDIATEK, INC., et al.,<br><br>              Defendants.<br>_____<br><br>AND CONSOLIDATED ACTIONS<br>_____ | Case No.: C 04-2619 RMW (PVT)<br>              C 04-4609 RMW (PVT)<br><br>**ORDER RE TECHNICAL DEPOSITIONS CURRENTLY TAKING PLACE IN TAIWAN, AND SETTING BRIEFING SCHEDULE RE PROTECTIVE ORDER** |

On December 13, 2005, the parties appeared for hearing regarding disputes that arose during the technical depositions currently taking place in Taiwan.[1]  Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that, absent further order of the court or agreement of the parties, the depositions of Defendant Lite-On Information Technology Corporation and Defendant ASUSTek Computer, Inc. shall be limited to one day.  Plaintiffs are encouraged to be efficient in their depositions of these parties.  If Plaintiffs determine that they need more than one day with either of these companies despite best efforts to be efficient, they may renew their motion for additional time

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

if they are unable to reach agreement for additional time with Defendants. The court intends to allow Plaintiffs an adequate opportunity to obtain the discovery they need from these Defendants. However, the court believes that after Plaintiffs conduct a day of deposition with each of these Defendants, both the parties and the court will be in a better position to determine how much, if any, addition time is needed.

IT IS FURTHER ORDERED that no later than January 10, 2005, the parties shall submit briefs[2] regarding their respective proposed form of protective order to govern the handling of confidential documents in this action. The parties' briefs shall also address the scope and duration of their prior agreement regarding cross-use of documents in both this litigation and ITC Investigation No. 337-TA-506,[3] and the impact of that agreement on the scope of the protective order to be entered in this action.

Dated: *12/16/05*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] This court expects the parties' briefs to be in proper format under the court's Civil Local Rules. "Letter" briefs do not comply with those rules.

[3] From the documents submitted by Defendants in connection with their "letter brief" of December 12, 2005, it appears that the parties agreed that documents produced in this litigation could be used in the 506 Investigation so long as they were handled pursuant to the Protective Order in the 506 Investigation (the "506 Investigation Protective Order"). The 506 Investigation Protective Order, a copy of which was also provided by Defendants, provides that documents and information designated confidential may be disclosed to any governmental agency as authorized by the Commission. (*See,* 506 Investigation Protective Order at pg. 3). The 506 Investigation Protective Order further references Commission rule 210.5(b) which conforms to 19 U.S.C. § 1337(n)(2) and which clarifies the list of government officers and employees who may have access to confidential business information. Section 1337(n)(2)(C) expressly authorizes disclosure of confidential documents to U.S. Customs employees who are directly involved in administering an exclusion from entry under subsection (d), (e) or (g) of that section.